UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLEN'S PLUMBING & DRAIN CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:04-CV-1210 CAS |
| ) | |
| ALLEN'S PLUMBING REPAIRS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Allen's Plumbing & Drain Co.'s motion for default judgment. For the following reasons, the Court will enter default judgment against defendant Deondre Liles a/k/a Deon Liles. The Court will deny plaintiff's motion for default judgment as to defendants Allen's Plumbing Repairs and Bill Allen's Plumbing. Defendants Allen's Plumbing Repairs and Bill Allen's Plumbing will be dismissed without prejudice.

**Background**

Plaintiff filed a verified complaint against Allen's Plumbing Repairs, Bill Allen's Plumbing, and Deondre Liles for unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), unfair competition and anti-dilution under Missouri law. None of the defendants answered the complaint. Judge Hamilton, presiding, entered a temporary restraining order on September 2, 2004, and a preliminary injunction on September 9, 2004. Plaintiff filed an Amended Complaint on October 20, 2004, adding defendant Southwestern Bell Telephone, L.P. Plaintiff then filed a motion for preliminary injunction on April 22, 2005. On April 25, 2005, this case was reassigned to the undersigned. On May 23, 2005, the Court entered a supplemental preliminary injunction order.

The Court also ordered plaintiff to file a motion for clerk's entry of default and default judgment. Plaintiff filed those motions. The Clerk of Court entered default as to defendant Deondre Liles, but denied plaintiff's motions for a clerk's entry of default as to defendants Allen's Plumbing Repairs and Bill Allen's Plumbing. Plaintiff filed a stipulation of dismissal as to defendant Southwestern Bell, L.P., which was dismissed on July 26, 2005.

**Standard**

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)). There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993).

Where the Clerk has entered default against a party, it has "no further standing to contest the factual allegations of plaintiff's claim for relief." Taylor, 859 F.2d at 1333 n.7 (internal citation omitted). Where a default has been entered, the "defendant is deemed to have admitted all well pleaded allegations in the complaint." Id. (internal punctuation and citation omitted). Indeed, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum and Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973) (quoting 3 Barron & Holtzoff, Federal Practice & Procedure § 1216, at 85-86 (1958)). Because default has been entered, the defendants have admitted all allegations of plaintiff's complaint. Plaintiff requests that the Court issue a permanent injunction against defendants.

**Discussion**

The Court will grant plaintiff's motion for default judgment as to defendant Deondre Liles. Defendant Liles has not answered or otherwise responded to plaintiff's complaint. The Court will deny plaintiff's motion for default judgment as to defendants Allen's Plumbing Repairs and Bill Allen's Plumbing and dismiss these defendants without prejudice. Allen's Plumbing Repairs and Bill Allen's Plumbing were not properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure. The Clerk of Court denied plaintiff's motion for a clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). Because defendants Allen's Plumbing Repairs and Bill Allen's Plumbing were not properly served within 120 days of the filing of the amended complaint, the Court will dismiss these defendants without prejudice pursuant to Rule 4(m).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** as to defendant Deondre Liles a/k/a Deon Liles and **DENIED** as to defendants Allen's Plumbing Repairs and Bill Allen's Plumbing . [Doc. 23]

**IT IS FURTHER ORDERED** that defendant Deondre Liles a/k/a Deon Liles is hereby permanently enjoined and restrained from:

A. using the name "Allen's Plumbing Repairs," "Bill Allen's Plumbing," or any phrase or title that incorporates the term "Allen's" in combination with "Plumbing," or any colorable imitation thereof or designations similar thereto in connection with the offering, sale, or promotion of plumbing services; and

B. committing any other act calculated or likely to cause the public or trade to believe that Deondre Liles is any way connected to, licensed by, sponsored by, affiliated with or associated with

plaintiff or the business of Allen's Plumbing & Drain Co. or from otherwise competing unfairly with plaintiff; and

C. filing and/or is ordered to withdraw any and all applications and/or requests to advertise in the SBC Yellow Pages or any other telephone directory under the name "Allen's Plumbing Repairs," "Bill Allen's Plumbing," or any other phrase or title that incorporates the terms "Allen's" in combination with Plumbing, or any other colorable imitation thereof.

**IT IS FURTHER ORDERED** that defendants Allen's Plumbing Repairs and Bill Allen's Plumbing are **DISMISSED without prejudice**, pursuant to Federal Rule of Civil Procedure 4(m).

An appropriate judgment and order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of November, 2005.